FILED

**NOT FOR PUBLICATION**

JUN 16 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUNWU DONG, | No. 07-71514 |
| Petitioner, | Agency No. A096-357-191 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2011
Pasadena, California

Before: BEEZER, TROTT, and RYMER, Circuit Judges.

Cunwu Dong, a native and citizen of China, appeals a decision by the Board

of Immigration Appeals denying his application for asylum, withholding of

removal to China, and protection under the Convention Against Torture (CAT).

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Dong testified that the Chinese police, while interrogating him, forced him to stand on broken glass with his hands pressed on the nearby wall. The interrogators poured water on him, which caused him to lose his concentration, resulting in his feet bleeding. The hospital records he submitted, however, state there were no lacerated wounds on his body. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."); *id*. (noting that a single inconsistency is sufficient to support an adverse credibility determination if it relates to the basis for the petitioner's alleged fear of persecution and goes to the heart of the claim).

The adverse credibility determination also is supported by the immigration judge's (IJ) finding that Dong was vague and evasive, and that his testimony sounded rehearsed. *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 819 (9th Cir. 1994) (holding that demeanor findings are entitled to "special deference" and must be credited unless "the record creates such a doubt as to its validity that accepting it would be unreasonable"). In the absence of credible testimony, Dong's asylum

and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[1]

Because Dong's CAT claim is based on the same testimony found not to be credible, and he points to no other evidence the BIA should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

Finally, Dong argues his due process rights were violated. He cites to several instances in the record of language difficulties, but in each instance, the question or answer was clarified in order to rectify the misunderstanding. *See Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) (requiring petitioner to show that "a better translation would have made a difference in the outcome of the hearing" (quotation marks omitted)). He also notes the IJ rendered an incomplete decision, because there are a few instances where the IJ's oral decision is difficult to comprehend due to the lack of a proper transcription. Dong, however, has failed to show any prejudice from the incompleteness. *See Colmenar v. INS*, 210 F.3d

---

[1]Because Dong's asylum application was not supported by credible evidence, we need not decide whether the IJ properly found that he had failed to show he timely filed his asylum application.

967, 971 (9th Cir. 2000) (requiring a petitioner to show prejudice from any due process violation).[2]

**DENIED.**

---

[2]At oral argument, Dong suggested the IJ had imposed herself too much on the proceedings.  He never raised this issue before, so we lack jurisdiction to consider it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).